IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA PARATO,<br><br>                **Plaintiff,**<br><br>    vs.<br><br>CITY OF OMAHA, JEAN STOTHERT, TODD SCHMADERER, BRIAN SCHMADERER, LUKAS BRAZIER, KRISTIN MRAZ, REGINALD JOHSON, SHAUN MOPPIN, MICHELLE PETERS, MARTY BILEK and THOMAS WARREN;<br><br>                **Defendants.** | 8:23CV391<br><br>ORDER |

      This matter is before the Court after review of the docket. Plaintiff filed a Complaint (Filing No. 1) against the above-captioned defendants on August 31, 2023. On September 12, 2023, the Court directed Plaintiff to either file a request to proceed in forma pauperis or submit the $402.00 filing and administrative fees to the Clerk's office within 30 days. (Filing No. 4). Plaintiff paid the $402.00 filing and administrative fees on October 13, 2023, and the case was removed from the pro se docket. (Filing No. 6).

      Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). More than 90 days has elapsed since the Complaint was filed. To date, Plaintiff has not filed any return of service or signed waiver indicating service on the defendants, the defendants have not entered a voluntary appearance, and Plaintiff has not requested an extension of time to complete service. Although Plaintiff is proceeding pro se, she is responsible for serving the defendants and prosecuting this case, and must comply with local rules, court orders, and the Federal Rules of Civil Procedure. See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se*

representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]").

However, under the circumstances, on the Court's own motion, Plaintiff is granted an extension of time to January 12, 2024, to complete service of process upon the defendants. See Fed. R. Civ. P. 4(m). The clerk provided eleven blank summons forms to Plaintiff on October 18, 2023. Plaintiff must complete the blank summons forms for service upon the defendants. Plaintiff may wish to consult this Court's resources for parties proceeding without an attorney, available at < https://www.ned.uscourts.gov/public/proceeding-without-an-attorney>. Accordingly,

**IT IS ORDERED**: Plaintiff is granted an extension of time to **January 12, 2024,** to complete service of process upon the defendants. The failure to timely comply with this order may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 4(m) without further notice.

Dated this 8th day of December, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge