# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA PARATO, <br><br> **Plaintiff,** <br><br> vs. <br><br> CITY OF OMAHA, JEAN STOTHERT, TODD SCHMADERER, BRIAN SCHMADERER, LUKAS BRAZIER, KRISTIN MRAZ, REGINALD JOHSON, SHAUN MOPPIN, MICHELLE PETERS, MARTY BILEK and THOMAS WARREN; <br><br> **Defendants.** | 8:23CV391 <br><br> ORDER |

Plaintiff, proceeding pro se, filed her original Complaint in this matter on August 31, 2023. (Filing No. 1). Plaintiff was given leave to file an Amended Complaint, which she filed on May 3, 2024. (Filing No. 18). In Plaintiff's Amended Complaint, she asserted forty claims for relief under federal and state law arising out of her allegations that her legally parked 2001 Volvo was towed and impounded by the City of Omaha on September 1, 2020. Plaintiff alleges that when she attempted to reclaim her vehicle, she was not allowed access to or possession of her vehicle or personal property inside the vehicle because she could not prove her ownership. Plaintiff was notified that the vehicle would be set for public auction if she did not remove her vehicle from the impound lot. After a hearing and numerous communications with various City personnel, on January 19, 2021, Plaintiff reclaimed possession of her vehicle at the impound lot, but alleges the exterior and interior had been damaged and "looted." Plaintiff also alleges Defendants failed to provide her with a proper title to the vehicle. (Filing No. 18).

The defendants named in the Amended Complaint filed motions to dismiss Plaintiff's claims for failure to state a claim. (Filing No. 24; Filing No. 26). On February 4, 2025, the District Court granted the defendants' motions, dismissing all of Plaintiff's federal claims for "failure to state federal claims upon which relief can be granted," and dismissing Plaintiff's state-law claims after declining to exercise supplemental jurisdiction over them. (Filing No. 43). The District Court articulated several reasons why Plaintiff's claims were being dismissed, including describing

Plaintiff's 212-page Amended Complaint as an "Improper 'Shotgun' Pleading" replete with "general factual allegations and 117 pages of claims mostly pleaded as naked legal theories with no indication of the specific factual basis[.]" (Filing No. 43 at p. 15). Together with the District Court's Memorandum and Order dismissing Plaintiff's Amended Complaint, the Clerk of Court filed a Notice informing Plaintiff that "[t]he timely filing of a notice of appeal is mandatory and jurisdictional. Except as provided elsewhere in Rule 4 of the Federal Rules of Appellate Procedure, a notice of appeal must be filed in the district court within 30 days after the entry of the order or judgment appealed from." (Filing No. 43-1).

Plaintiff did not file an appeal within 30-days, but instead filed the instant Motion for Leave to Amend Complaint on March 10, 2025. (Filing No. 44). Plaintiff seeks leave to file a Second Amended Complaint arising out of the same facts as alleged in her Complaint and Amended Complaint. (*Compare* Filing No. 44 at pp. 4-12 *with* Filing No. 18). Plaintiff states her motion is made under Rule 15(a)(2) of the Federal Rules of Civil Procedure, and she has "diligently and conscientiously prepared an amended complaint that intends to address and cure the deficiencies this Court identified in its Memorandum and Order." (Filing No. 44 at p. 1). Plaintiff's proposed Second Amended Complaint contains a shorter statement of factual allegations, and only alleges a single cause of action against "All Defendants" for violation of the Due Process Clause of the Fourteenth Amendment under 42 U.S.C. § 1983. The defendants oppose Plaintiff's motion as untimely, futile, and otherwise improper under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. (Filing No. 45; Filing No. 46).

"When a party moves to amend a complaint after dismissal, a more restrictive standard reflecting interests of finality applies." *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1057 (8th Cir. 2024) (quoting *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015). "Leave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *Id.* (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)). "[R]ule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "A district court has discretion under Rule 60(b) to grant postjudgment leave to file an amended complaint if the motion is 'made within a reasonable time,' Rule 60(c)(1), and the moving party shows 'exceptional circumstances' warranting "extraordinary relief." *United States v. Mask of Ka-Nefer-Nefer*, 752

F.3d 737, 743 (8th Cir. 2014) (recognizing, however, "that the normal standards for granting Rule 60(b)(1) relief 'seem ill-suited' to determining when a plaintiff whose complaint has been dismissed "should be permitted, postjudgment, to try again.'").

Although the district court has "considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored," it may nevertheless "not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." Par v. Wolfe Clinic, P.C., 70 F.4th 441, 449 (8th Cir. 2023) (quoting U.S. ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 824 (8th Cir. 2009). "However, interests of finality dictate that leave to amend should be less freely available after a final order has been entered." Id. (quoting Hypoguard 559 F.3d at 823). "A district court may appropriately deny leave to amend where there are compelling reasons such as . . . repeated failure to cure deficiencies by amendments previously allowed . . . or futility of the amendment." United States ex rel. Holt v. Medicare Medicaid Advisors, Inc., 115 F.4th 908, 922 (8th Cir. 2024) (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)). "When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[.]" Hintz v. JPMorgan Chase Bank, N.A., 686 F.3d 505, 511 (8th Cir. 2012) (cleaned up) (citing Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 781-82 (8th Cir. 2008)).

After review of Plaintiff's motion and proposed Second Amended Complaint, the Court finds her request for leave to amend is properly denied. First, Plaintiff's motion is untimely. She filed her motion more than 30-days after entry of the judgment dismissing her case, and nearly eight months after the defendants first filed motions to dismiss her Amended Complaint. Plaintiff's motion and proposed amended pleading add no new facts or information that was previously unavailable to her, and she offers no explanation as to why she did not move to amend her complaint before the District Court granted those motions to dismiss, or why she then waited over 30-days after the District Court dismissed her case. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"); Fed. R. Civ. P 60(c) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). "Unexcused delay is sufficient to justify the court's denial if the party is seeking to amend the pleadings after the district court dismissed the claims it seeks to amend, particularly when the

plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed." *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021).

Even if Plaintiff's motion was timely, Plaintiff's motion is also properly denied on its merits. Plaintiff's proposed Second Amended Complaint fails to correct the deficiencies identified by the District Court when dismissing her Amended Complaint. Plaintiff again seeks redress stemming from her allegations that her legally parked 2001 Volvo was towed and impounded by the City of Omaha on September 1, 2020. To Plaintiff's credit, her proposed Second Amended Complaint is significantly streamlined, both legally and factually, and only alleges a single cause of action against "All Defendants" for violation of the Due Process Clause of the Fourteenth Amendment under 42 U.S.C. § 1983. But, Plaintiff's allegations are substantially the same as those within her Amended Complaint, which was dismissed by the District Court. Plaintiff's Amended Complaint previously alleged procedural and substantive due process claims. In dismissing those claims, the District Court stated:

> . . . Parato has not plausibly pleaded that she had a clearly established right to any more procedural protections than she was afforded to attempt to establish her ownership of the vehicle and the property in it, nor has she plausibly pleaded that Defendants' determinations on the inadequacy of the proof she offered shocks the conscience. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (explaining that the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner"); *Davitt v. Spindler-Krage*, 96 F.4th 1068, 1072 (8th Cir. 2024) (explaining a procedural due process right in property is clearly established when the plaintiff establishes his or her rights in relation to the property); *Buckley v. Ray*, 848 F.3d 855, 863 (8th Cir. 2017) (explaining that there is a clearly established substantive due process right when the defendant's conduct shocks the conscience).

(Filing No. 43 at p. 29).

Plaintiff has not added any factual allegations in her proposed amended pleading plausibly suggesting that she is entitled to any relief. Thus, her proposed amendment does not cure the deficiencies identified by the District Court when dismissing her claims. "Parties shouldn't be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim." *Saylor v. Jeffreys*, No. 8:20-CV-264, 2023 WL 6388017, at *5 (D. Neb. Sept. 29, 2023), *aff'd*, 131 F.4th 864 (8th Cir. 2025) (citing *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022); see also *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a

4

motion to amend for several reasons, including futility of the amendment) (internal citation omitted); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss.").

Finally, to the extent Plaintiff's motion is one for reconsideration of the Court's Memorandum and Order, Plaintiff does not demonstrate that Court's dismissal of her due process claims involved "manifest errors of law or fact" such that reconsideration would be appropriate. See *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)).

Therefore, for the above reasons, the Court will deny Plaintiff's request to file a post-dismissal amended complaint. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Filing No. 44) is denied.

Dated this 30th day of May, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge