IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA PARATO,<br><br>                              Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, MAYOR JEAN STOTHERT, POLICE CHIEF TODD SCHMADERER, REGINALD JOHNSON, SEAN MOPPIN, AND MICHELLE PETERS, in their official and individual capacities,<br><br>                              Defendants. | **8:23CV391**<br><br><br>**ORDER ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT** |

This case began when *pro se* plaintiff Angela Parato (Parato) filed her original Complaint on August 31, 2023, against the City of Omaha and five different City of Omaha officials and employees (collectively, Defendants). Filing 1. After various extensions for all parties and after Parato filed an Amended Complaint, this Court granted Defendants' motion to dismiss Parato's federal claims for "failure to state federal claims upon which relief can be granted." Filing 43 at 37. This Court dismissed Parato's remaining state-law claims after it declined to exercise supplemental jurisdiction over them. Filing 43 at 37. Instead of appealing the final judgment, Parato filed a Motion for Leave to Amend Complaint with a Second Amended Complaint. Filing 44. United States Magistrate Judge Michael D. Nelson entered an Order denying Parato's request for leave to amend. Filing 50. This case is now before the Court on Parato's Statement of Objections to Magistrate Judge's Order. Filing 51. Defendant Michelle Peters filed an Opposition to Parato's Objections, which was mistakenly docketed as an Objection to Objection to Magistrate Judge's Order and a pending motion. Filing 52. That filing is terminated as a motion and will be

treated as an opposition brief. Defendants City of Omaha, Jean Stothert, Todd Schmaderer, Reginald Johnson, and Sean Moppin also filed a Brief in Opposition to Parato's Objections. Filing 53. Parato then filed a Response to Defendants' Opposition to Plaintiff's Objections to Magistrate Judge's Order (*i.e.*, a reply). Filing 58. For the reasons stated below, Parato's objections are overruled.

## I.  INTRODUCTION

The background that led to this Court's dismissal of Parato's original Amended Complaint was stated in detail in the Memorandum and Order on Defendants' Motion to Dismiss. Filing 43. Therefore, the introduction will focus on events that occurred after this Court's dismissal order on February 4, 2025.

With the memorandum and order dismissing Parato's Amended Complaint, the Clerk of the Court filed a Notice informing Parato that "a notice of appeal must be filed in the district court within 30 days after the entry of the order or judgment appealed from." Filing 43-1. Instead of appealing the dismissal order within thirty days as notified by the Clerk of the Court, Parato filed a Motion for Leave to Amend Complaint with a Second Amended Complaint on March 10, 2025. Filing 44. Parato's Second Amended Complaint reduced her original forty claims to a single cause of action for violation of the Due Process Clause of the Fourteenth Amendment under 42 U.S.C. § 1983. Filing 44 at 7–8. In response to her motion for leave to amend, Defendants filed various objections and briefs in opposition. Filing 45; Filing 46. Then on May 30, 2025, Judge Nelson denied Parato's motion for leave to amend. Filing 50. Judge Nelson stated three reasons why Parato's motion was denied, including that Parato's "motion [was] untimely," the Second Amended Complaint "fails to correct the deficiencies identified by the District Court when

dismissing her [first] Amended Complaint," and Parato "[did] not demonstrate that [the] Court's dismissal of her due process claims involved 'manifest errors of law or fact.'" Filing 50 at 3–5 (citing *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013))).

On June 16, 2025, Parato filed an objection to Judge Nelson's denial order. Filing 51. In turn, Defendants filed multiple objections or briefs in opposition to Parato's objection. Filing 52; Filing 53. On July 18, 2025, Judge Nelson granted Parato's request for an extension to file a reply in support of her objection. Filing 56 (Text Order). Finally, on July 28, 2025, Parato filed Plaintiff's Response to Defendants' Opposition to Plaintiff's Objections to Magistrate Judge's Order, Filing 58, as well as Plaintiff['s] Declaration. Filing 59.

## II. LEGAL ANALYSIS

### A. Applicable Standard

#### 1. *Standard of Review*

A district court may refer a nondispositive "pretrial matter" to "a magistrate judge to hear and determine." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). A motion for leave to amend is typically considered a nondispositive "pretrial matter." *See Daley v. Marriott Int'l, Inc.,* 415 F.3d 889, 893 n.9 (8th Cir. 2005) (treating magistrate judge's denial of motion for leave to amend as nondispositive). To maintain the ability to appeal a magistrate judge's ruling, the opposing party must object to that ruling. *See Devine v.* Walker, 984 F.3d 605, 607 (8th Cir. 2020) (citing cases explaining that "we lack jurisdiction when a party fails to object to a magistrate judge's pretrial order and tries to appeal anyway"; s*ee also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the [nondispositive] order not timely objected to.").

"A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "As long as [a party] filed objections . . . the district court ha[s] no choice but to consider them." *Devine*, 984 F.3d at 607.

This Court previously explained the applicable standard of review for a magistrate judge's nondispositive ruling as follows:

> The Eighth Circuit Court of Appeals has explained that a finding of fact is clearly erroneous "only when [the court is] left with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Gray*, 59 F.4th 329, 332 (8th Cir. 2023) (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *Doe v. United States*, 58 F.4th 955, 963 (8th Cir. 2023) (explaining that findings are not clearly erroneous when "[v]iewing the record as a whole, '[the court is] not left with the definite and firm conviction that a mistake has been committed.'") (quoting *United States v. Finley*, 612 F.3d 998, 1003 (8th Cir. 2010)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa*, Corp., 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks omitted).

*Benson v. City of Lincoln*, 343 F.R.D. 595, 607 (D. Neb. 2023). Since the Court is reviewing objections to a magistrate judge's order denying leave to amend a pleading, the Court next looks to the applicable standards for amendment of pleadings.

    *2.*    *Standards for Leave to Amend*

If a party seeks to amend its pleading more than twenty-one days after the opposing party has filed an answer, the party seeking to amend "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Eighth Circuit has explained, even though Rule 15(a)(2) states a liberal standard for leave to amend, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 n.4 (8th Cir. 2021) (internal quotation marks omitted) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557–58 (8th Cir. 2006)); s*ee Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). Additionally, "[a]lthough a district court 'may not ignore the [Federal Rule of Civil Procedure] 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits,' it has 'considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 962 (8th Cir. 2015) (quoting *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013), with second alteration in original) (affirming district court's denial of motion for leave to amend after submission of opponent's reply brief and dismissal order). "Unexcused delay is sufficient to justify the court's denial . . . if the party is seeking to amend the pleadings after the district court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Id.* (quoting *Horras*, 729 F.3d at 804).

"[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018) (alteration in original) (quoting *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). To determine if the proposed amendment would

withstand such a motion to dismiss, the court must take "the factual allegations in the [amended] complaint as true and afford[ ] the non-moving party all reasonable inferences from those allegations." *Id.* (quoting *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012)). The court must then decide if the amended pleading states "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hillesheim*, 897 F.3d at 955 (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) [hereinafter *Pre-Filled Propane Tank*] (en banc), in turn quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B. The Magistrate Judge's Denial of Motion for Leave to Amend Was Not Clearly Erroneous

On a party's objections to a magistrate judge's ruling on a nondispositive matter, the district court must decide whether the ruling "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Ferguson*, 484 F.3d at 1076 (citing § 636(b)(1)(A)). Parato asserts six objections to Judge Nelson's order denying the Motion for Leave to Amend Complaint. Filing 51. The Court will address only the objections related to Judge Nelson's determinative finding that Parato's Second Amended Complaint was "properly denied on its merits" and therefore futile. Filing 50 at 4. The Court finds no clear error in Judge Nelson's ruling. The Court will not address Parato's other objections because Parato's Motion for Leave to Amend Complaint and Second Amended Complaint is futile and therefore prevents Parato's claims from advancing regardless of the outcome of her other objections.

   1.    *Parato's Objections*

Parato asserts six objections to Judge Nelson's order denying the motion for leave to amend. Filing 51.[1] Four of Parato's six objections seem related to Judge Nelson's ruling that the Second Amended Complaint is futile because the complaint did not plausibly plead a claim on which relief could be granted. Filing 51 at 3–4, 6–10. Specifically, Parato's second, third, fifth, and sixth objections appear related to Judge Nelson's futility determination because the objections either reference factual assertions of the Second Amended Complaint, claim lack of due process, or use language from Judge Nelson's order recounting this matter's history or deciding the complaint's futility.

Overall, the four objections related to the Second Amended Complaint's futility combine claims that Parato's due process rights were violated, that Judge Nelson mischaracterized the complaint and facts, and that Judge Nelson failed to explain labels or issues. Filing 51 at 3–4, 6–10. For example, Parato's second objection claims a lack of "any due process" because she was "not afforded any opportunity to challenge or contest the impound lot's refusal to accept valid proof of ownership or release of the vehicle. . . ." Filing 51 at 3. Objection three argues that since Parato's claim was never "decided on the merits[,]" the denial order's conclusion that the proposed Second Amended Complaint was "meritless" was "erroneous and flawed." Filing 51 at 4.[2] Objection five identifies eight instances where the "factual errors contained in the Order" need

---

[1] The six objections in Parato's Statement of Objections to Magistrate Judge's Order are: (1) "Plaintiff's Motion is Timely Filed"; (2) "The Order Fails to Provide Plaintiff with Any Due Process"; (3) "The Order Mischaracterizes the Proposed Amended Complaint as 'Meritless'"; (4) "The Order Ignores FRCP 15 and Applies Erroneously the Standards of Rule 59 and Rule 60"; (5) "The order Misstates, Mischaracterizes and Misrepresents Erroneously the Facts of this Case"; and (6) "The Order Fails to Provide Explanations." Filing 51.

[2] Parato claims the Order's "procedural dismissal" is "frown[ed] on" because it prevents a "proper determination of the evidence." Filing 51 at 4. Therefore, Parato argues, because there were no evidentiary findings regarding her "personal knowledge of [the] events and facts," her Proposed Second Amended Complaint cannot be "meritless." Filing 51 at 4.

"correcting." Filing 51 at 9.[3] Finally, objection six asserts that Judge Nelson's "Order discusses much and labels or identifies issues but does not explain them." Filing 51 at 10. Parato argues that just because the Order labels "the proposed amended complaint a 'Shotgun' complaint . . . does not make it so." Filing 51 at 10.

The Court will not address Parato's remaining objections—objection one and objection three—because the Court finds no clear error in Judge Nelson's ruling that the Second Amended Complaint was futile. Even if the Court agreed with Parato's two other objections—that her motion "was clearly timely[,]" Filing 51 at 2, and that Judge Nelson "use[d] [Federal Rules of Civil Procedure] Rules 59 and 60 cases improperly"—it would not matter. Filing 51 at 6. The Second Amended Complaint's failure to plausibly plead a claim on which relief can be granted makes Parato's two other objections moot.

### 2.    The Order is Not Clearly Erroneous

The Court concludes there is no clear error in Judge Nelson's denial of Parato's Motion for Leave to Amend. While this Order reviews for clear error Judge Nelson's ruling that the Second Amended Complaint failed on the merits, Judge Nelson also denied the Motion for Leave to Amend Complaint because the motion was untimely and did not demonstrate that the District Court's dismissal involved manifest errors of law or fact. Filing 50 at 3–5. None of Parato's objections appear to argue directly that her Second Amended Complaint meets the necessary

---

[3] Due to "time and resources limitations," Parato limits herself to only eight instances where the "factual errors contained in the Order" need "correcting." The first three instances object to Judge Nelson's characterization of background information on this matter. Filing 51 at 7–8. The next three instances restate her objections to Judge Nelson's determination that her Motion for Leave to Amend Complaint was untimely, denied on its merits, and that there were no manifest errors of law or fact. Filing 51 at 8–9. The seventh instance claims that, as a *pro se* litigant, Parato was confused by the language Judge Nelson used. Such language included "'it is ordered', 'with prejudice', and/or 'without prejudice.'" Filing 51 at 9. And the last instance restates the overall objection "to the Magistrate Judge's denial of the Plaintiff's Motion for Leave to Amend Complaint." Filing 51 at 9.

standard for leave to amend a complaint. The Court believes most of Parato's objections come from a misunderstanding of how Judge Nelson analyzed what was necessary for Parato's Second Amended Complaint to adequately plead a violation of her due process rights.

Judge Nelson determined that Parato's "proposed amendment does not cure the deficiencies identified by the District Court when dismissing her claims." Filing 50 at 4. To come to this conclusion, Judge Nelson first looked at this Court's original holding that Parato's pleadings did not adequately plead facts that would satisfy the two requirements to overcome qualified immunity. Filing 50 at 4. The Court's dismissal order quoted the Eighth Circuit's statement, "To overcome qualified immunity at the motion to dismiss stage, a plaintiff 'must plead facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" Filing 43 at 24 (quoting *Dillard v. O'Kelley, 961 F.3d 1048, 1052* (8th Cir. 2020) (cleaned up) , in turn quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Later in the dismissal order this Court concluded:

> . . . Parato has not plausibly pleaded that she had a clearly established right to any more procedural protections than she was afforded to attempt to establish her ownership of the vehicle and the property in it, nor has she plausibly pleaded that Defendants' determinations on the inadequacy of the proof she offered shocks the conscience. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (explaining that the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner"); *Davitt v. Spindler-Krage*, 96 F.4th 1068, 1072 (8th Cir. 2024) (explaining a procedural due process right in property is clearly established when the plaintiff establishes his or her rights in relation to the property); *Buckley v. Ray*, 848 F.3d 855, 863 (8th Cir. 2017) (explaining that there is a clearly established substantive due process right when the defendant's conduct shocks the conscience).

Filing 43 at 29. Therefore, this Court dismissed the federal claims in the original Amended Complaint because "Defendants are entitled to qualified immunity from Parato's federal claims on the face of her Amended Complaint." Filing 43 at 31.

Since Parato's first Amended Complaint was deficient because it failed to "plausibly [plead] that she had a clearly established right to any more procedural protections than she was afforded[,]" Judge Nelson needed to determine whether the Second Amended Complaint corrected those deficiencies. Filing 43 at 29. In other words, Judge Nelson reviewed the Second Amended Complaint to see if it adequately pleaded that Defendants violated a statutory or constitutional due process right afforded Parato. *Hillesheim*, 897 F.3d at 955 ("To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (quoting *Pre-Filled Propane Tank*, 860 F.3d at 1063)).

Judge Nelson ruled that Parato's "proposed amendment [did] not cure the [first Amended Complaint's] deficiencies . . . ." Filing 50 at 4. In reaching this conclusion, Judge Nelson credited Parato for having "significantly streamlined, both legally and factually," the allegations in the Second Amended Complaint. Filing 50 at 4. However, after comparing the complaints, Judge Nelson found the "Second Amended Complaint aris[es] out of the same facts as alleged in [the] Complaint and [first] Amended Complaint." Filing 50 at 2. He found that Parato's "allegations [were] substantially the same as those within her [first] Amended Complaint." Filing 50 at 4. He explained further that although Parato streamlined and rearranged her facts, she "ha[d] not added any factual allegations" to cure the deficiencies that led to the District Court dismissing her claims. Filing 50 at 4. Therefore, since the Second Amended Complaint "could [still] not withstand a motion to dismiss[,]" Judge Nelson denied Parato's Motion for Leave to Amend Complaint. Filing 50 at 5 (quoting *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983)).

There was no clear error in Judge Nelson's ruling. The District Court dismissed the federal claims in Parato's first Amended Complaint because the complaint failed to overcome Defendants'

10

qualified immunity. Filing 43 at 29. The first Amended Complaint did not clearly state what procedural due process Parato was entitled to that she did not receive. Filing 43 at 29. Judge Nelson denied Parato's Motion for Leave to Amend Complaint for the same reason. Filing 50 at 4. Neither of Parato's amended complaints "pin down 'the precise [statutory or] constitutional violation with which [the defendants are] charged.'" *Peterson v. Heinen*, 89 F.4th 628, 634 (8th Cir. 2023) (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (distinguishing between an Eighth or Fourth Amendment violation before analyzing qualified immunity defense) (second alteration in original)).

The original Amended Complaint states that Parato participated in a hearing with a defendant on November 19, 2020, pursuant to O.M.C § 36-235. Filing 18 at 54. But Parato's Second Amended Complaint claims that without notice or hearing Defendants sold contents of her car on January 2, 2020, and submitted an Affidavit and Request for Certificate of Title for Abandoned Vehicle/Motor Boat on December 16, 2020. Filing 44 at 10. The Second Amended Complaint does not mention O.M.C § 36-235. Filing 44 at 4–11. Just like the original Amended Complaint, the Second Amended Complaint does not articulate, or "pin down 'the precise [statutory or] constitutional right'" Parato was entitled to at the time of the defendants' conduct. *Peterson*, 89 F.4th at 634 (alteration in original). Therefore, the Court agrees with Judge Nelson that allegations in the Second Amended Complaint, Filing 44 at 7–8 (¶¶ 43–47), do not provide plausible factual grounds for Parato's due process violation claim. *See Munro*, 899 F.3d at 589; *see also Hillesheim*, 897 F.3d at 955. In other words, the Court is not "left with a 'definite and firm conviction that a mistake has been committed,'" so the Court finds no clear error. *Benson*, 343 F.R.D. at 607 (quoting *Gray*, 59 F.4th at 332).

### C. Other Objections

The Court's conclusion that Judge Nelson did not clearly err in denying Parato leave to file her Second Amended Complaint makes it unnecessary for the Court to address Parato's other objections. As explained above, even if the Court agreed with Parato's two other objections—that her motion "was clearly timely[,]" Filing 51 at 2, and that Judge Nelson "use[d] [Federal Rules of Civil Procedure] Rules 59 and 60 cases improperly[]"—it would not matter. Filing 51 at 6. The Second Amended Complaint's failure to plausibly plead a claim on which relief can be granted makes Parato's two other objections moot.

### III. CONCLUSION

Parato's Motion for Leave to Amend followed this Court's dispositive ruling dismissing Parato's first Amended Complaint. Where Judge Nelson concluded that Parato's proffered Second Amended Complaint did not cure the deficiencies in her first Amended Complaint, the denial of Parato's Motion for Leave to Amend was not clearly erroneous. *See* Fed. R. Civ. P. 72(a) (stating this standard of review for a nondispositive ruling). Even if the Court were to construe the denial of leave to amend under the circumstances presented in this case as a "dispositive" ruling, subject to *de novo* review, *see* Fed. R. Civ. P. 72(b), the Court would accept Judge Nelson's recommended disposition for essentially the same reasons the Court finds it is not clearly erroneous.

Accordingly,

IT IS ORDERED that

1. Plaintiff's objection to United States Magistrate Judge Michael D. Nelson's Order denying Plaintiff's Motion for Leave to Amend Complaint, Filing 50, as set out in Plaintiff's Statement of Objections to Magistrate Judge's Order, Filing 51, are overruled; and

2.      United States Magistrate Judge Michael D. Nelson's Order denying Plaintiff's Motion for Leave to Amend Complaint, Filing 50, is affirmed.

3.      Defendant Michelle Peters's Opposition to Parato's Objections, which was mistakenly docketed as an Objection to Objection to Magistrate Judge's Order and a pending motion, Filing 52, is terminated as a motion.

Dated this 24th of October, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge